UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TAMARA JEAN FARRELL, an individual,<br><br>          Plaintiff,<br>vs.<br><br>M.F.C. MECHANICAL CORP., a New York Corporation,<br><br>          Defendant.<br>_____ | )<br>)<br>)     CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, TAMARA JEAN FARRELL, through her undersigned counsel, hereby files this Complaint and sues M.F.C. MECHANICAL CORP., a New York Corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

1

referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, TAMARA JEAN FARRELL, (hereinafter referred to as "MS. FARRELL"), is a resident of Henry County, Georgia.

4. MS. FARRELL is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia.  She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5. Due to her disability, MS. FARRELL is substantially impaired in several major life activities, including walking.

6. Defendant M.F.C. MECHANICAL CORP., a New York Corporation, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia.  Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, located at 955 W. Lanier Ave, Fayetteville, GA 30214.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, Fayette County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a shopping plaza, is open to the public and provides goods and services to the public.

10. MS. FARRELL has visited the Property and attempted to utilize the goods and services offered at the Property.

11. While at the Property, MS. FARRELL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MS. FARRELL continues to desire to visit the Property, but fears that she will continue to encounter serious difficulty due to the barriers discussed herein, which still exist.

13. MS. FARRELL plans to and will visit the property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, she would visit more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.

§ 36.304 <u>et. seq.</u> and are discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered Plaintiff's access throughout the Defendant's Property:

    A.    Plaintiff encountered inaccessible parking designated for ADA use in front of the Thai Jasmine restaurant due to slopes well in excess of 1:48 caused by a built-up curb ramp protruding into the spaces and their shared access aisle. This condition made it difficult for Plaintiff to transfer in and out of her vehicle and increased her risk of a fall due to the uneven ground.

    B.    Plaintiff encountered inaccessible parking designated for ADA use due to low signage in front of Thai Jasmine that is easily obstructed by parked vehicles.  These conditions made it difficult for Plaintiff to identify and use the designated accessible parking areas.

    C.    Plaintiff encountered inaccessible routes and entrances to the Subway and Thai Jasmine restaurants due to slopes well in excess of 1:48 within the maneuvering clearance of the doorways and a lack of handrails.  These conditions increased Plaintiff's chances of a fall and required that she use extra caution maneuvering to the entrances and opening the doors while on an uneven surface.

    D.    Plaintiff encountered an inaccessible curb ramp in front of Thai

4

Jasmine restaurant due to excessive slopes, steep side flares, uneven ground and a failure to provide a smooth transition to the adjoining surfaces. Additionally, the ramp protrudes into the ADA parking spaces as noted above. These conditions increased Plaintiff's chances of a fall and required that she use extra caution maneuvering over the ramp.

15. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16. Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against M.F.C.

MECHANICAL CORP., and requests the following injunctive and declaratory relief:

 A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

 B. That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

 C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

 D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

 E. That the Court award such other and further relief as it deems necessary, just and proper.

      Respectfully Submitted,

      KU & MUSSMAN, P.A.

18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976


By: */s/ John A. Moore*
    John A. Moore, Esq.
    Georgia Bar No.: 519792
    Of Counsel
    The Moore Law Group, LLC
    1745 Martin Luther King Jr., Drive
    Atlanta, GA 30314
    Tel.: (678) 288-5601
    Fax: (888) 553-0071
    Email: jmoore@moorelawllc.com
    Attorney for Plaintiff